Pearson, J.
 

 One aids or assists a debtor, who is temporarily absent, on business, from the county of his residence, to abscond, or go to parts unknown, for the purpose of defrauding his creditors: to this end, he supplies him with money to enable him to pay his travelling expenses, goes a part of the way with him, persuades him not to go back home, and to prevent the necessity of his doing so, promises that he will go there, and forward his property to him, which he accordingly does; is the party liable within the meaning of the statute ?
 

 Ilis Honor thought he was not; putting his opinion on the ground that the statute only applied to cases where the debtor was in the county of his residence, at the time the aid and assistance were rendered.
 
 ~We
 
 do not concur. The words are, “ shall remove, or aid and assist in removing any debtor out of the county in which he resides.” The question turns upon the meaning of the word remove/ for it is clear, if the debtor had been at home when these matters occurred, or gone back before he started away, the case would have come within the meaning of the statute.
 

 Did the debtor in common parlance, remove from the county of his residence, or from the county in which he happened to be when he started ? One removes when he changes his domicil. The word does not mean simply going out of, or leaving a county. In our case the debtor -went out of the
 
 *94
 
 county of Robeson to the county of New Hanover, but that did not amount to a removal. He removed when he changed his domicil. In common parlance, he
 
 ran away
 
 from the latter, but he
 
 removed
 
 from the former. Suppose he is asked in Texas, “ from what county of North Carolina did you remove?” His answer would be, “from Robeson.”
 

 A consideration in support of this construction is suggested by another part of the statute ; actions are given to creditors to whom debts are owing in the county from which the debtor is
 
 so removed.
 
 Does this mean the creditors of the county in which the debtor happens to be when he takes his departure ? Certainly not. His being there is accidental. He may have no creditors there, and if he has, they have no particular right to complain if he goes out of the county. Whereas his creditors are apt to be in the county of his residence, and they have a special right to complain if he fraudulently changes his domicil. So, it is clear the object of the statute was to protect them. Now the injury to them is just as great if the debtor is enabled, by aid and assistance rendered to him, to take his departure from a county where he happened to bo, as if he had started from home. The case falling within the mischief intended to be remedied, comes within the meaning of the statute. Can any reason be suggested why the creditor shall lose his remedy, because of the accident that his debtor is absent from home when he forms the resolution to abscond ?
 

 There is another view of the statute tending to support the construction we put on it. The words remove,
 
 or aid and assist in removing a
 
 debtor, in a narrow sense, might be restricted to th
 
 (¡.person
 
 of the debtor; - and it may be asked, how' can one assist in removing a debtor out of the county in which he resides, if he is already out of it ? That would be so, if the statute means carrying or assisting to carry the
 
 body
 
 of the debtor in a carriage, or the like. Rut it has never been doubted that the statute extended to his property. If the debtor rides his own horse, or walks, and the party carries his property for him, this is aiding in removing the debtor. So, if the party waits until the debtor crosses over the county line, and
 
 *95
 
 then, carries his property to him, it would make him liable under the statute. ¥e can see but little difference between these cases and ours, where the debtor, being temporarily out of the county, is aided by a supply of money to leave the country, and induced not to return to the county of his residence by a promise to forward his property to him, which is accordingly done.
 

 The question of construction now under consideration, is new, but there are two cases involving a construction of other parts of the statute which shed some light.
 
 Godsy
 
 v. Bason, 8 Ire. Rep. 264: “ A person who helps a debtor by carrying him or his property a part of the way, in order to assist him in getting out of the county, becomes bound for his debts, although he did not carry the debtor or his property entirely out of the one county into another. The statute is remedial— for the prevention of frauds on creditors, and is entitled to a liberal interpretation. It would be a fraud on it to allow it to be evaded by carrying the debtor to the county line.” It would be equally a fraud on it, to allow it to be evaded by furnishing a debtor, who happens to be over the line, with money to enable him to run away, and then sending his property to him.
 
 Wiley
 
 v. McRee, 2 Jones’ Rep. 349: simply
 
 advising
 
 a debtor to run away, is not aiding or assisting, within the meaning of the statute. But the Court say, “ if the debtor’s object be to remove out of the county, and I let him have my horse, or carry him, or his family, or his property,,, some distance on the way to the county line, in my wagon, so as to make his removal the more easy, it is settled that this is giving aid and assistance. "We suppose that letting a debtor have money, whereby to enable him to hire a horse or a wagon for these purposes, would amount to the same thing.”
 

 As his Honor, in respect to the first count, put the case upon a point of law, there being error, the plaintiff is entitled to a
 
 venire de novo
 
 as to both the defendants. It may be the jury would have found for the defendant Benjamin upon the facts, but the plaintiff Avas entitled to have the matter passed on by the jury, provided there Avas any competent or relevant
 
 *96
 
 evidence, and we think there was some evidence tending to connect him with the transaction. Its sufficiency was a question solely for the jury. Besides, we must assume the exceptions (i. e. the case sent) to have been made up in reference only to the point upon which the case turned.
 

 It is unnecessary to say any thing in regard to the second count, except that it. may be doubted whether the injury was not too remote and the damages too uncertain and indefinite to sustain it.
 
 Gardiner
 
 v.
 
 Sherrod,
 
 2 Hawk’s Rep.
 
 173; March
 
 v.
 
 Wilson,
 
 Bus. Rep. 143 ;
 
 Booe
 
 v.
 
 Wilson,
 
 1 Jones’ Rep. 182.
 
 Venire de novo.
 

 Pee Curiam.
 

 Judgment reversed.